999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Roger REAVES, Defendant-Appellant.
 No. 93-50035.
 United States Court of Appeals, Ninth Circuit.
 July 13, 1993.
 
 Before TANG, POOLE, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Roger Reaves appeals his pre-Guidelines sentence imposed following entry of his guilty plea to conspiring to make materially false statements to the United States Customs Service in violation of 18 U.S.C. § 1001, to defraud the Internal Revenue Service in violation of 18 U.S.C. § 371, to travel in interstate and foreign commerce in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952, and to commit wire fraud in violation of 18 U.S.C. § 1343. Reaves contends that the district court abused its discretion by ordering his five-year term of imprisonment to run consecutively to earlier-imposed federal sentences. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion sentences imposed for pre-Guidelines offenses. United States v. Yarbrough, 852 F.2d 1522, 1545 (9th Cir.), cert. denied, 488 U.S. 866 (1988); see also, United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991) ("Trial judges are accorded virtually unfettered discretion in sentencing defendants."), cert. denied, 112 S.Ct. 947 (1992).
 
 
 4
 A pre-Guidelines sentence that falls within statutory limits is not subject to review absent some alleged error of constitutional magnitude. Lai, 944 F.2d at 1440; Yarbrough, 852 F.2d at 1545. Due process requires that the district court not consider "improper, inaccurate, or mistaken information nor may it make groundless inferences in imposing sentence." Lai, 944 F.2d at 1440. The district court, however, may consider a "wide variety of information to tailor the punishment to the criminal rather than to the crime." United States v. Robelo, 596 F.2d 868, 870 (9th Cir.1979).
 
 
 5
 At sentencing, Reaves raised one factual objection to the presentence report (PSR). Reaves denied an allegation in the PSR that he sent his sister to New Mexico with $300,000 worth of gold Krugerrand coins; he argued that there were only 300 Krugerrands with a value of $95,000 rather than $300,000 worth of Krugerrands. Reaves urged the district court to make the factual finding in his favor because such a finding would reduce the time that he would have to serve on a special parole violation sentence by two years. The government responded that 858 Krugerrands were involved with a value of approximately $300,000 and that Reaves had told his sister to get a cashier's check in that amount for the coins.
 
 
 6
 Noting that the factual dispute did not matter for sentencing purposes, the district court nevertheless agreed to an evidentiary hearing to resolve the factual dispute due to Reaves' persistence. At this hearing on December 14, 1992, the district court reviewed a United States Customs Service report which stated that 858 Krugerrands had been seized with a value of approximately $290,862 and decided to order a consecutive sentence based upon its determination that Reaves had intentionally lied to the court:
 
 
 7
 You were all set to get a concurrent sentence from this Court the last time you were here. I was going to give you five years concurrent with your other time. As far as I was concerned, this would not impact on your status at all because I know you have other sentences, but I have to impose some penalties when you lie to the Court. You told me very clearly that there were 300 coins involved; that is all you had. You dug them up, you gave them to your sister, and I find out now it was 858. Now, if it had been 310 or 320, I would say somebody could forget. There is three times, almost, as many Krugerrands.
 
 
 8
 Based upon the nature of Reaves' assertions and the overwhelming evidence concerning the number of Krugerrands seized, the district court could reasonably infer that Reaves had intentionally lied to the court. See Robelo, 596 F.2d at 870. Accordingly, the district court did not abuse its discretion by considering Reaves' perjury in imposing a consecutive sentence. See Yarbrough, 852 F.2d at 1545.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3